IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| SCOTTSDALE INSURANCE COMPANY, an Ohio corporation,<br><br>Plaintiff,<br><br>v.<br><br>THE RIVERBANK, a Minnesota banking corporation; S.A.S. RENTAL PROPERTIES, LLC, a Minnesota limited liability company; STRAND CLOSING SERVICES, INC., a Minnesota corporation; CYNTHIA TAYLOR STRAND, individually; and STEVEN STRAND, individually,<br><br>Defendants. | Case No.:  10-CV-03775 SRN/JJK<br><br><br><br><br>**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER FOR JUDGMENT** |

The Motion for Default Judgment brought by Scottsdale Insurance Company against Defendants S.A.S. Rental Properties, LLC, Strand Closing Services, Inc., Cynthia Taylor Strand and Steven Strand [Doc. No. 37] was held on May 20, 2011 at 3:00 p.m. before Judge Susan Richard Nelson in Courtroom 7B, United States Courthouse, 316 North Robert Street, St. Paul, MN.  Appearing at the hearing were Stacy A. Broman, Meagher & Geer, on behalf of Plaintiff, and Peter B. Tiede, Murnane Brandt, P.A., on behalf of Defendant The Riverbank.  Defendants S.A.S. Rental Properties, LLC, Strand Closing Services, Inc., Cynthia Taylor Strand and Steven Strand made no appearance, either personally, or through counsel.

Based upon all of the files, records and proceedings herein, the court makes the following findings of fact, conclusions of law and order for judgment:

1. Plaintiff Scottsdale Insurance Company filed this action on August 30, 2010.

2. On September 2, 2010, the Complaint in this action was personally served on Defendant S.A.S. Rental Properties, LLC by handing to and leaving a copy with Cynthia Taylor Strand, Chief Manager.

3. On September 2, 2010, the Complaint was served on Defendant Strand Closing Services, Inc. by handing to and leaving a copy with Cynthia Taylor Strand, President.

4. On September 2, 2010, the Complaint in this action was personally served on Defendant Cynthia Taylor Strand by handing to and leaving a copy with Cynthia Taylor Strand.

5. On September 2, 2010, the Complaint was personally served on Steven Strand by handing to and leaving a copy with Steven Strand.

6. None of the Defendants named above -- S.A.S. Rental Properties, LLC, Strand Closing Services, Inc., Cynthia Taylor Strand or Steven Strand -- have answered the Complaint in this action.

7. None of the Defendants named above -- S.A.S. Rental Properties, LLC, Strand Closing Services, Inc., Cynthia Taylor Strand or Steven Strand -- have appeared in this action either personally or by a representative.

## **CONCLUSIONS OF LAW AND ORDER FOR JUDGMENT**

1.      On May 5, 2011, the Clerk of Court entered default against S.A.S. Rental Properties, LLC, Strand Closing Services, Inc., Cynthia Taylor Strand and Steven Strand [Doc. No. 35].

2.      Under Fed. R. Civ. P. 54(b)(2), "[i]f the party against whom a default judgment is sought <u>has appeared personally or by a representative</u>, that party or its representative must be served with written notice of the application at least 7 days before the hearing." Fed. R. Civ. P. 54(b)(2) (emphasis added). Because S.A.S. Rental Properties, LLC, Strand Closing Services, Inc., Cynthia Taylor Strand and Steven Strand have not appeared in this action, notice of the hearing is not required. <u>See</u> 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2687 (3d ed. 1998) ("[A] defaulting party who has failed to appear, thereby manifesting no intention to defend, is not entitled to notice of the application for a default judgment under either Rule 55(b)(1) or Rule 55(b)(2)."); <u>see</u> <u>also</u> <u>Ringgold Corp. v. Worrall</u>, 880 F.2d 1138 (9th Cir. 1989) (holding that notice requirements for default judgment were inapplicable where defaulting parties had repeatedly failed to attend pretrial conferences or otherwise participate in the litigation and had failed to attend on the first day of a trial scheduled months before.) However, where a party has appeared, either personally or through its representative, notice is required. <u>Commercial Casualty Ins. Co. v. White Line Transfer & Storage Co.</u>, 114 F.2d 946 (8th Cir. 1940) (where plaintiff was in default of answer to counterclaim and cross-claims at time of trial and absent through excusable neglect, plaintiff had "failed to plead or otherwise defend" and was a party which had

"appeared in the action" within this rule, so that counterclaimant and cross-claimants were required by subd. (b)(2) of this rule to cause the plaintiff to be served with written notice of application for judgment, and failure to give notice was error necessitating reversal, notwithstanding trial court heard evidence and made findings.)  Plaintiff had previously attempted to serve notice of its Motion for Summary Judgment/Declaratory Judgment on these four defendants by mail to their last known addresses and all four notices were returned as undeliverable with no forwarding address available.  (Letter of 5/27/11 from S. Broman to Judge Nelson.)   Because there is no dispute that S.A.S. Rental Properties, LLC, Strand Closing Services, Inc., Cynthia Taylor Strand and Steven Strand have failed to enter an appearance, notice of the May 20, 2011 hearing was not required.

3.    The Court hereby enters judgment under Fed. R. Civ. P. 55(b)(2) against S.A.S. Rental Properties, LLC, Strand Closing Services, Inc., Cynthia Taylor Strand and Steven Strand.  Therefore, Defendants S.A.S. Rental Properties, LLC, Strand Closing Services, Inc., Cynthia Taylor Strand and Steven Strand shall have no right to be heard on the merits of the claims in this lawsuit.  Further, defendants S.A.S. Rental Properties, LLC, Strand Closing Services, Inc., Cynthia Taylor Strand and Steven Strand are bound by the Orders of this Court, including those to be entered on the pending cross-motions for summary judgment heard on May 20, 2011.

**THERE BEING NO JUST REASON FOR DELAY,**

Plaintiff's Motion for Default Judgment as to Defendants S.A.S. Rental Properties, LLC, Strand Closing Services, Inc., Cynthia Taylor Strand and Steven Strand [Doc. No. 37] is **GRANTED.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  August  11, 2011				s/Susan Richard Nelson
						Susan Richard Nelson
						United States District Judge